# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARTHA G.,[1]

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No: 1:19-cv-936

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This social security case has been referred to the undersigned for initial review. I now recommend that Plaintiff's motion for attorney's fees be GRANTED.

**I.    Background**

The pending motion is a request for attorney's fees for counsel's pursuit of a successful judicial appeal of the denial of Plaintiff's application for disability insurance benefits ("DIB"). Plaintiff first filed her DIB application on January 15, 2016. That application was denied by the Social Security Agency at the administrative level on initial review, on reconsideration, and ultimately by an Administrative Law Judge, ALJ Thuy-Anh Nguyen. Prior to filing a judicial appeal of ALJ Nguyen's adverse decision in this Court, Plaintiff and her attorney entered into a contingent fee agreement in which Plaintiff agreed to pay a fee "equal to twenty five percent (25%) of all past due benefits payable to me and my family resulting from this appeal." (Doc. 15-2).

On February 27, 2020, Plaintiff filed an extensive 33-page Statement of Errors in

---

[1] Due to significant privacy concerns, claimants in social security cases are presently referred to only by their first names and last initials. *See* General Order 22-01.

support of her judicial appeal. (Doc. 7). Rather than filing a response in opposition, the Commissioner filed a Joint Stipulation that agreed to remand to the Social Security Agency for further review. (Doc. 10). Pursuant to that Joint Stipulation, this Court reversed and remanded under sentence four of the Social Security Act. (*See* Docs. 11, 12). Following entry of this Court's Order of Remand, Plaintiff's counsel sought an award of attorney's fees for the work that he performed in this Court based upon his initial review and drafting of the Statement of Errors. (Doc. 13). In July 2020, the Court granted the parties' joint stipulation/motion and awarded Plaintiff an attorney's fee totaling $3,300 under the Equal Access for Justice Act ("EAJA"). (Doc. 14).

Returning to the administrative level, the parties again appeared before ALJ Thuy-Anh Nguyen. ALJ Nguyen conducted a new evidentiary hearing, following which she issued a second adverse decision. Plaintiff again appealed to the agency, and on April 26, 2022, the Appeals Council set aside ALJ Nguyen's second decision and remanded to a new ALJ. After appearing before newly assigned ALJ Kristen King, Plaintiff amended her alleged onset date to April 1, 2018. In response, ALJ King issued a "Notice of Decision – Fully Favorable," finding Plaintiff to be disabled as of the amended onset date. On February 6, 2023, the Social Security Administration issued a Notice of Award to reflect the calculation of past-due benefits. (Doc. 15-1). The award for past-due benefits totals $153,593.91. The Notice reflects that 25% of that total, or $38,398.47, has been withheld by the agency as a reserve for the payment of any attorney's fees.

On March 8, 2023, Plaintiff's counsel timely filed a motion in this Court seeking an additional fee award of $15,000.00 under the Social Security Act, 42 U.S.C. §406(b).[2]

---

[2]Local Rule 54.2(b) specifies that a motion for attorney's fees under the Social Security Act must be filed in this Court within forty-five days of the Notice of Award.

2

The Commissioner has filed a "neutral" response. (Doc. 17).

**II.     Analysis**

Plaintiff's counsel's motion seeks a statutory attorney's fee that is based upon counsel's standard contingency agreement. The agreement authorizes a fee award of up to 25% of the past-due benefits award. In this case, 25% of the award yields a maximum statutory fee of $38,398.47. However, counsel seeks only $15,000.00 from this Court, explaining that he will seek the balance authorized by his fee contract directly from the Social Security agency under 42 U.S.C. § 406(a). Counsel confirms that, should the Court grant his motion, he will refund the $3,300 previously paid to him under the EAJA directly to Plaintiff, since the law does not permit him to retain a duplicate fee for the same work. *See Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989).

Prior to ruling on counsel's motion, this Court must consider the interests of the Plaintiff. As a disabled individual, she will pay counsel's fee directly from her past-due benefits award. It is well-established that under the Social Security Act provision in question, courts have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In *Ringel*, this Court extensively discussed the "guideposts" used to determine whether a fee up to the statutory maximum avoids a windfall and is "reasonable," including: (1) a test established by *Hayes v. Sec'y of HHS*;[3] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of

---

[3] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

attorney hours expended; (4) whether counsel has compromised his fee; (5) whether the Commissioner has filed any opposition; and (6) less common factors.

In accordance with the referenced guideposts, the undersigned first calculates counsel's hypothetical hourly fee under the *Hayes* test, which has served as a simple tool for assessing the "reasonableness" of a statutory § 406(b) fee for more than three decades. *See Ringel*, 295 F. Supp.3d at 826. In *Hayes*, the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*, 923 F.2d at 422. When the Commissioner does not object and the proposed award is less than two times counsel's standard rate under *Hayes*, "the windfall analysis is complete." *Ringel*, 295 F. Supp.3d at 829.

Plaintiff's counsel represents that his "standard non-contingent billing rate" is $350.00 per hour, which is "in line with the normal hourly billing rate of attorneys across the state of Ohio with similar years of experience who maintain their principal office in the downtown area of one of the state's larger cities." (Doc. 15 at 7, PageID 802, citing Doc. 15-6, OSBA Survey). Counsel attests that he performed 17.25 hours of work in this Court, leading up to the filing of a Statement of Specific Errors on February 27, 2020. Using the calculation of "twice the standard rate" of $350 ($700) multiplied by 17.25 hours yields a "per se reasonable" fee of $12,075.00. However, the total fee requested in this case, $15,000.00, is somewhat higher than that "per se reasonable" fee.

Still, *Hayes* teaches that a fee that is more than twice counsel's hypothetical standard rate "may well be reasonable," *see id.*, 923 F.2d at 422, so long as the court performs further analysis to safeguard against a windfall. Dividing the sum of $15,000.00 by 17.25 hours yields a hypothetical hourly fee of $869.56, or 2.48 times counsel's

4

hypothetical "standard rate." *Hayes* suggests that the higher the multiplier/rate, the closer a court should scrutinize an award to prevent a windfall. Here, the multiplier of 2.48 is not extraordinarily high. *Compare*, *e.g.*, *Ringel*, 295 F.Supp.3d at 832-833 (noting that the requested rate was more than 8 times the prior award).

Analysis of additional relevant factors also supports granting the motion in full. For example, a fee award can amount to a "windfall" when multiple intervening events cause a significant delay that translates to an extraordinarily large "past due" award. A contingent fee under such circumstances is more likely to be deemed a windfall even when the plaintiff's counsel played no part in contributing to the delay.

> Where the amount of elapsed time from onset of the disability to the Notice of Award is more than a decade as in this case, there is a significant likelihood that the past-due benefits award will be "inordinately" large, and that the corresponding contingent fee will be "unearned" and unreasonable solely because of the length of time that benefits have accrued. The crux of the issue is whether the attorney or the disabled claimant should bear the greater risk for unusually long delay….

*Ringel*, 295 F.Supp.3d at 835. Here, counsel's amendment of Plaintiff's disability onset date to April 2018 not only ensured success before ALJ King, but ultimately reduced the span of time from onset of disability to the Notice of Award to a fairly routine four-year period. Thus, the lapse of time did not create a windfall.

In addition, the attorney hours expended by counsel appear to have been both extremely efficient (quantity of hours) and of excellent quality (having achieved the desired result).[4] The undersigned further notes that counsel did not include in the itemization of his time the time spent negotiating with opposing counsel prior to entry of

---

[4]Plaintiff's counsel argues that not only was his original 33-page Statement of Errors not "in any way routine or boilerplate in nature," but that his extensive briefing at the administrative level was also not routine or boilerplate. However, "this Court is legally prohibited from considering time other than spent before this Court under 42 U.S.C. § 406(b)." *Ringel*, 295 F.Supp.3d at 836 (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261 (6th Cir. 1994)(en banc)).

5

the Joint Stipulation for Remand, or prior to the filing of the first motion for fees under the EAJA. Plaintiff's counsel also has not claimed the time spent preparing the current motion for attorney's fees under 42 U.S.C. § 406(b).

The fact that counsel seeks less than the statutory maximum of 25% as payment for services performed in this Court also favors the award of the full fee requested. *See*, generally, *Ringel*, 295 F.Supp.3d at 839; *Lowery v. Comm'r*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013); *Willis v. Comm'r*, Case No. 1:10-cv-594, 2014 WL 2589259 at *5 (S.D. Ohio June 10, 2014) ("While counsel is not required to see less than the 25% contingency fee, a discounted fee or the lack thereof is relevant to a reasonableness determination") (collecting cases). The undersigned concludes that this factor slightly favors granting counsel's motion despite the fact that the "compromise" is driven by the express language of the fee agreement.

In *Culbertson v. Berryhill*, 139 S.Ct. 517, 522 (2019), the Supreme Court definitively held (consistent with preexisting Sixth Circuit law) that the 25% statutory cap for awards made under 42 U.S.C. §406(b) "applies only to fees for representation before the court" and does not apply to any additional fees awarded under 42 U.S.C. § 406(a) for work performed at the administrative level. In other words, counsel's standard fee agreement could have required Plaintiff to pay a full 25% of the past-due benefits award solely under § 406(b). Instead, the fee agreement imposes a 25% aggregate cap on fees for any and all fees that may be awarded by both the agency and this Court under both 42 U.S.C. §§ 406(a) and 406(b). Counsel's motion and Plaintiff's correspondence confirm "that counsel plans to seek authorization for part of the 25% fee from this Court and then plans to seek approval for the balance [up to the 25% total award] by filing a Fee Petition with the agency." (Doc. 15 at 5, PageID 800, emphasis added). Thus, the record reflects

6

that counsel agreed up-front in the fee agreement that he drafted to a fee that is significantly less than the statutory maximum.

Last, the Commissioners neutral position to Plaintiff's motion[5] as well as Plaintiff's personal letter in support of a 25% fee to her attorney, (*see* 15-3), both favor the requested award. No other factor favors a contrary result.

### III. Conclusion and Recommendation

Plaintiff's motion should be granted in full because the requested § 406(b) fee is less than the 25% statutory cap, is supported by the express language of the contingency fee agreement and other evidence, and is otherwise reasonable and not a windfall. However, for the convenience of the parties and of the Court, the duplicate EAJA fee previously awarded to counsel should be applied as an offset against the total award.[6] Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for an award of attorney's fees (Doc. 15) be **GRANTED IN FULL**, with counsel to be awarded the additional net fee of **$11,700** ($15,000 less the $3,300 previously awarded under the EAJA) under 42 U.S.C. § 406(b).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5] Unlike an EAJA fee paid by the Commissioner, a fee awarded under § 406(b) is paid directly by the plaintiff. Lacking any economic incentive to do so, it is relatively rare for the Commissioner to oppose a § 406(b) motion. *See Ringel*, 295 F. Supp.3d at 823.

[6] The prior EAJA award was paid by the Commissioner whereas a § 406(b) fee award is paid directly by Plaintiff. Applying an offset rather than requiring counsel to issue a refund serves judicial economy by avoiding the duplicate payment while preserving benefits awarded under the Social Security Act.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARTHA G., | Case No: 1:19-cv-936 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).